IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:09-CV-8-DAN

| | | |
|---|---|---|
| CARLENE S RUSH, | ) | |
| | ) | |
| Claimant/Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Claimant Carlene S. Rush's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [DE-36]. Plaintiff seeks $1827.50, or in the alternative $2372.98, in attorney's fees and costs for the work performed by her counsel in her instant appeal. The Commissioner of Social Security ("Commissioner") has challenged Claimant's entitlement to an award. [DE-37]. This matter is ripe for review.

## **STATEMENT OF THE CASE**

In the underlying litigation, Claimant challenged the final decision of the Commissioner denying her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). On April 26, 2004, Claimant protectively filed her current applications for DIB and SSI, alleging disability beginning August 30, 1999. (R. 115.) Claimant's disability applications were denied initially, and upon reconsideration. (R. 128-32, 134-41.) A hearing before an Administrative Law Judge ("ALJ") took place on December 6, 2005. (R. 1120-40.) The ALJ issued a decision denying Claimant's application on August 4, 2006. (R. 43-56.)

On November 15, 2007, the Appeals Council granted Claimant's request for review and remanded the case back to the ALJ to consider new and material evidence of a neck impairment. (R. 130-32.)

The ALJ held a new hearing on April 16, 2008, (R. 1141-63) and issued a new decision on May 8, 2008, again denying Claimants application and finding her not disabled. (R. 20-32.). The Appeals Council denied Claimant's request for review on November 24, 2008.

This Court reviewed Claimant's and the Commissioner's requests for judgment on the pleadings and ultimately remanded the case to the Commissioner for further administrative proceedings. [DE-32]. Specifically, the Court found that the ALJ erred by concluding in his opinion that Claimant could perform a series of jobs that the vocational expert ("VE") in the prior 2005 administrative hearing listed as work that Claimant could perform, without explaining why he relied on those jobs instead of the jobs enumerated by the VE in the more recent 2008 hearing. Id. The two VEs provided a list of different jobs that Claimant could perform. Moreover Claimant's testimony regarding her impairments differed between the 2005 and 2008 hearings, which the ALJ took into consideration by imposing a more limited residual functional capacity on Claimant in his decision following the 2008 hearing than he did in his decision following the 2005 hearing. Accordingly, the Court concluded that the ALJ acted erroneously by rejecting the more recent VE testimony without providing an explanation for doing so.

## DISCUSSION

Under the EAJA, a private litigant, as a prevailing party against the United States, is presumptively entitled to attorney's fees and costs unless the position of the United States was substantially justified or special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); accord Hyatt v. Barnhart, 315 F.3d 239, 244 (4th Cir. 2002). The applicability of receiving funds pursuant to the EAJA's for social security appeals before the district court is well established. See Guthrie v. Schweiker, 718 F.2d 104, 107 (4th Cir. 1988). In order to receive compensation under the EAJA, the claimant must file an application that provides: (1) a showing that the applicant is a "prevailing party;" (2) a statement of the amount sought, with an accompanying itemization; and (3) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); Scarborough v. Principi, 541 U.S. 401, 405 (2004).

Claimant complied with these requirements, however, the Commissioner contends that she is not entitled to attorney's fees and costs because its position was substantially justified. Opp. to Fees [DE-37]. Specifically, the Commissioner argues that because the Court affirmed the other four alleged errors espoused by Claimant, and denied two additional requests that Claimant made, its position was substantially justified. Id. at 3-4 [DE-37].

The EAJA does not define "substantial justification," but the Supreme Court has defined the terms as "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The substantial justification framework

3

examines "from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n, 991 F.2d at 139. This standard, therefore, looks to whether the Commissioner had a reasonable basis in both law and fact for his position, thereby establishing a "genuine dispute" between the parties. Pierce, 487 U.S. at 565.

Here, the Commissioner cites no authority for the proposition that because he prevailed on a majority of his claims, he was substantially justified in litigating all of the claims raised. The fact that the Court found only one of Claimant's arguments persuasive, necessitating a remand, is not evidence that the Commissioner's position was substantially justified. See generally Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993) (noting that the court "look[s] beyond the issue of which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or taking a stance during litigation").

Looking at the Commissioner's position overall, the Court concludes that his position was not substantially justified. Although the ALJ was generally meticulous in his decision, he clearly needed to explain why he rejected the VE's testimony. An ALJ need not rely on a VE's testimony, but must explain his rational for rejecting it. See Abbott v. Astrue, No. PWG-08-1813, 2010 WL 917505, at *3 (D. Md. March 9, 2010) (remanding for further proceedings, in part, because the ALJ failed to discuss on what basis he discredited the VE's testimony); Dunsmore v. Astrue, No. 08-1277, 2009 WL 1117299, at *11 (W.D. Pa. April 24, 2009) (unpublished) (remanding the case, in part,

because the ALJ rejected the VE's testimony without providing an explanation of his reasoning on the issue); Zurawski v. Halter, 245 F.3d 881, 889 (7th Cir. 2001) (noting that an ALJ must explain his or her reasoning for rejecting a VE's testimony).

Claimant requests that the court award $1827.50, or in the alternative $2372.98, in attorney's fees and costs. Claimant's counsel spent 14 hours and 37 minutes working on this case. Mot. for Fees, ex. 2 [DE-36]. Claimant's counsel notes that pursuant to 28 U.S.C. § 2412(d)(2)(A), he has reduced his fee to $125.00 per hour, which would entitle him to $1827.50. However, counsel suggests to the Court that in light of inflation and the scarcity of social security counsel, his work justifies the higher rate of $162.31 per hour for a total of $2373.98. The Court acknowledges the hard work that Plaintiff's counsel has expended in this case and the services that he provides to his clients. Nonetheless, the Court concludes that Counsel is entitled to $1827.50, at a rate of $125.00 in accordance with 28 U.S.C. § 2412(d)(2)(A).

## CONCLUSION

The undersigned **ORDERS** that Plaintiff's motion for attorney's fees and costs be **GRANTED** in the amount of $1827.50. [DE-36].

This the 22nd day of June, 2010.

DAVID W. DANIEL
United States Magistrate Judge